JARVIS WOODS *vs.* INHABITANTS of BRISTOL.

Lincoln.    Opinion March 23, 1892.

*School District.    Agent.    Void Election.    Warrant.    Evidence.*
*R. S., c. 11, § 43.*

</div>

Neither a school district warrant nor the agent's return thereon can be contradicted collaterally. If they are genuine documents, they are conclusive evidence, of what they appear to show, in all collateral proceedings.

An agent of a school district, chosen at an election wholly void, is not an officer *de facto*, although he attempts to exercise the office.

ON REPORT.

This was an action of assumpsit in which the plaintiff sought to recover wages, as a teacher in the town of Bristol, by virtue of an employment by one Little, who claimed to be the agent of the school district and elected at a special meeting called by the selectmen of the town.

The facts are sufficiently stated in the opinion.

*L. M. Staples*, for plaintiff.

*George B. Sawyer*, for defendants.

HASKELL, J.    One Robert Oram was school agent in district number ten, Bristol, for the year 1889.    In March, 1890, he

issued his notice as required by law for the choice of school agent for the ensuing year, and personally made return thereon as to the notice given, that complies with the requirements of law in that particular. At the meeting, one Horace Poole was chosen agent, sworn and entered upon the duties of his office.

In May, another meeting was called by the selectmen on request of citizens of the district, and one James H. Little was chosen agent and sworn, and attempted to perform the duties of his office, but met with resistance from Poole. In the fall, Little obtained possession of the school house and employed the plaintiff as teacher for two months, at forty dollars per month, and for that service this action is brought.

The last supposed agent cannot fairly be said to have held the office *de facto.* He obtained possession of the school house by force. He employed the plaintiff with notice that his authority was disputed. When the plaintiff's service ended, he advanced him twenty-five dollars as a loan. If the plaintiff may recover at all, it must be upon the ground of a legal employment; and that depends upon whether Little, his employer, was the legal agent of the district; and that again depends upon whether the office was vacant and whether he was lawfully chosen. He appears to have been lawfully chosen, and became the legal agent of the district, if his choice was authorized by law. Of course, if the March meeting was illegal, then Poole was not legally chosen, and, although agent *de facto*, might be displaced by the choice of a legal agent; but if the March meeting was legally warned and held, then he was the legal agent, and in the performance of his duties could not be lawfully interfered with by any attempt to usurp the duties of his office.

"A mere claim to be a public officer, and exercising the office, will not constitute one an officer *de facto.* There must be, at least, a fair color of right, or an acquiescence by the public in his official acts so long, that he may be presumed to act as an officer by right of appointment or election." *Brown* v. *Lunt,* 37 Maine, 429.

Little had no legal right. His election was wholly void for

want of authority in the district to elect him, they having already elected another. His supposed election alone gave him no color of right, as it was absolutely void. The first duty he attempted to perform was to forcibly get possession of the school house and hire the plaintiff, knowing the condition of affairs. Little's authority had not been acquired or given, so as to raise any presumption in his favor. Out of a district quarrel, he attempted to gain an office and control expenditure of the public funds. The plaintiff must have known all this. There is no good reason for applying the doctrines of an officer *de facto* to this case, and it is not done.

School district discords are not conducive to the public good, and should be discouraged. Sufficient public notice was given of the March meeting. Voters of the district had ample opportunity to attend, and did generally attend. So far as the case shows, the meeting was a fair one, and its doings should have been regarded by the district. No money was raised, or other business of importance transacted, beside choosing a moderator, clerk, and agent. Even if there were technical objections to the manner of calling the meeting, as no harm could follow, they should have remained unquestioned, and a neighborhood turmoil would have been prevented.

But the court is of opinion that there were no such irregularities in the calling of the meeting as to require it to be adjudged illegal.

The first objection to its legality is that Oram, the agent of the district for 1889, who called the March meeting, had vacated his office by removal from the town and State; but the evidence does not sustain the contention. He went to Massachusetts for work, but without an intention of changing his domicile. He attended to his official duties as agent, and called the annual meeting in March, 1890, as he was required by law to do.

The second objection is that he actually wrote and signed the warrant in Massachusetts, while it appears to have been drawn, signed and dated in Bristol, Maine. Upon its face it is regular. It appears to answer the requirements of law. When posted,

it had all appearance of regularity, and voters of the district had a right to so regard it. It bore the genuine signature of the agent, and, unless it be held sufficient, a precedent would be established, from which there might come no end of mischief. The regularity of the warrant cannot be contradicted in a collateral proceeding, by parol proof, any more than the return of an officer.

The third objection is that, although the form of the return of the agent under his own hand, stating the notice given of the meeting, complies with the law, yet it is insufficient, because untrue. Not untrue as to the notice actually given; but untrue in stating that he personally posted the notices, when in fact he intrusted that duty to another, and did not personally perform it himself.

The statute, R. S., c. 11, § 43, says that the agent " shall cause notices . . . to be posted," &c. There can be no objection to his doing it by his own hand. His certificate "returned at the time and place of the meeting is evidence that the notice therein stated" had been given. The return of the certificate is a personal duty, and must be personally attended to. *Parker* v. *Titcomb*, 82 Maine, 180. Not that it must be personally produced at the meeting; but it must be there produced under the signature of the agent. The certificate must be a personal certification of the facts stated in it; and of these facts it is conclusive evidence in all collateral proceedings. *Starbird* v. *Dist. No. 7 in Falmouth*, 51 Maine, 101. If an agent makes a false return, he is liable in damages to any person injured thereby; but the return, in all collateral matters, for the safety of the public, must be considered verity.

Poole, therefore, became the legal agent of the district. He performed his duties so far forth as he could without violating peace and good order, and his authority should have been respected. The plaintiff's remedy is against his employer, which the district was not.

*Plaintiff nonsuit.*

PETERS, C. J. WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.